# United States Court of Appeals
# for the Fifth Circuit

———————————

No. 25-30050
Summary Calendar

———————————

United States Court of Appeals
Fifth Circuit

**FILED**

January 12, 2026

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

FURRELL JOHNSON,

*Defendant—Appellant*.

———————————————————————

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:23-CR-13-1

———————————————————————

Before BARKSDALE, OLDHAM, and DOUGLAS, *Circuit Judges*.

PER CURIAM:[*]

Furrell Johnson pleaded guilty to: carjacking, in violation of 18 U.S.C. §§ 2119(1) (setting penalty) and 2 (punishing principals); and brandishing a firearm during a crime of violence, in violation of 18 U.S.C. §§ 924(c)(1)(A)(ii) (setting penalty) and 2. Following appeal and remand for resentencing, the district court imposed a 227-months' imprisonment

———————————————

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

sentence—71 months for the carjacking count and 156 months for the firearm count. The brandishing-count sentence was an upward variance from the Sentencing Guidelines. Johnson challenges the substantive reasonableness of his sentence, asserting the court relied on an improper factor in imposing his sentence. His contention is totally without merit.

Although post-*Booker*, the Guidelines are advisory only, the district court must avoid significant procedural error, such as improperly calculating the Guidelines sentencing range. *Gall v. United States*, 552 U.S. 38, 46, 51 (2007). If no such procedural error exists, a properly preserved objection to an ultimate sentence is reviewed for substantive reasonableness under an abuse-of-discretion standard. *Id.* at 51; *United States v. Delgado-Martinez*, 564 F.3d 750, 751–53 (5th Cir. 2009). In that respect, for issues preserved in district court, its application of the Guidelines is reviewed *de novo*; its factual findings, only for clear error. *E.g.*, *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008).

Johnson asserts the court's considering facts showing his intent to cause death or serious bodily injury was improper because this conduct was an element of the carjacking count. Along that line, an above-Guidelines sentence is substantively unreasonable if, *inter alia*, it "gives significant weight to an irrelevant or improper factor". *United States v. Smith*, 440 F.3d 704, 708 (5th Cir. 2006). His contention concerns an essential element of the *carjacking* count; but, the upward variance was for the *brandishing* count, including a threat to kill the victim while pointing his loaded firearm at the victim. Accordingly, he fails to show the court abused its discretion when it considered his threats of violence.

AFFIRMED.